**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4492

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DANIEL DAVID,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:11-cr-00775-RBH-1)

Submitted:  January 31, 2013          Decided:  February 11, 2013

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy W. Murphy, KOLB & MURPHY, LLC, Sumter, South Carolina, for Appellant. William N. Nettles, United States Attorney, William E. Day, II, Assistant United States Attorney, Lanny A. Breuer, Assistant Attorney General, John D. Buretta, Deputy Assistant Attorney General, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel David was convicted of conspiracy to transport and receive stolen goods in interstate commerce, 18 U.S.C. §§ 371, 2314, 2315 (2006), and transporting in interstate commerce stolen goods worth more than $5000, 18 U.S.C. § 2314. The charges related to the theft of corn and soybean seeds, chemicals, and a trailer from a Southern States store in Bennettsville, South Carolina, and their transportation to North Carolina. David was sentenced to forty-eight months on each count, to run concurrently. He now appeals, claiming that the admission of evidence of past crimes violated Fed. R. Evid. 404(b). We affirm.

I

At trial, one of David's coconspirators, Willie Robert Douglas, testified that he and David stole the seeds, chemicals, and trailer on March 30, 2008, because David had a buyer in North Carolina for the seeds. Douglas was not surprised when David approached him about the plan because he and David had previously stolen tractors in South Carolina and taken them to North Carolina for sale. The district court interrupted Douglas' testimony and gave a limiting instruction concerning the permissible use of "prior bad acts" testimony. Douglas then identified photographs of the three tractors he and David had

2

stolen. Douglas testified that he and David stored at least one of the tractors at the residence of Howard Chavis in North Carolina, then sold it to North Carolina resident Lynwood Johnson.

The bulk of Douglas' testimony addressed the Southern States theft. Douglas testified that he and David drove around in David's Suburban, searching for a suitable place to rob. After selecting the Southern States store, they broke through a fence at the store, loaded the seed and chemicals on the trailer, and left, with Douglas driving a pickup truck that towed the trailer and David driving his Suburban. They drove to the Chavis residence, where they left the stolen items. The next day, David and Douglas drove Johnson to the Chavis property so that Johnson could inspect the seeds, which he agreed to buy.

II

We review the admission of evidence for abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005).

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

3

knowledge, identity, or absence of mistake or accident." Id. Further, "[t]o be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). "Rule 404(b) is . . . an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks omitted). "As a rule of inclusion, the rule's list is not exhausting." United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). "Evidence sought to be admitted under Rule 404(b) must also satisfy [Fed. R. Evid.] 403 . . . ," Siegel, 536 F.3d at 319, such that its probative value is not substantially outweighed by its prejudicial value. Queen, 132 F.3d at 995.

We hold that evidence of the three tractor thefts was properly admitted. Among other things, the evidence provided context and background for the conspiracy, as the past dealings among David, Johnson, and Douglas helped to explain why they conspired to commit the Southern States robbery. See United States v. Kennedy, 32 F.3d 876 (4th Cir. 1994) (holding that Rule 404(b) does not restrict evidence of crimes that are necessary to complete the story of the charged crime). Additionally, in light of an alibi defense raised by David, the

4

evidence was admissible under Rule 404(b) because it tended to establish his identity as a conspirator.

Further, the evidence of the earlier thefts was not unduly prejudicial. The majority of the testimony at trial concerned the Southern States theft. Notably, the testimony of Douglas — the United States' chief witness — focused not on the tractor thefts, but instead on the Southern States robbery. Additionally, the jury is presumed to follow the judge's instructions, see United States v. Chong Lam, 677 F.3d 190, 204 (4th Cir. 2012), and the district court in this case gave an appropriate limiting instruction concerning the role, if any, that the earlier offenses should play in the jury's deliberations.

## III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED